IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**REGENCY HOSPITAL COMPANY**                                                          **PLAINTIFF**

v.                                             4:06CV00320-WRW

**ARKANSAS BLUE CROSS AND BLUE SHIELD,**
**A MUTUAL INSURANCE COMPANY**                                                        **DEFENDANT**

ORDER ADMINISTRATIVELY TERMINATING CASE

Pending is Defendant Arkansas Blue Cross and Blue Shield's Motion to Stay Proceedings,[1] until Plaintiff complies with Ark. Code Ann. 4-27-1502(a) and (c), which authorizes a court to stay a proceeding commenced by a foreign corporation transacting business in the state without a certificate of authority to do so.

Plaintiff has not responded to the motion or requested additional time to respond. Therefore, Defendant is entitled to a stay of the proceedings.

I also find that-- because Plaintiff failed to indicate whether it intends to comply with the Arkansas statute and proceed with this action without delay-- it is more appropriate to administratively terminate it.

For good cause shown, IT IS HEREBY ORDERED THAT Defendant's Motion to Stay[2] is GRANTED, and the Clerk is directed to ADMINISTRATIVELY TERMINATE the action, without prejudice to the right of the parties to reopen the proceedings for good cause shown, once Plaintiff obtains a certificate of authority to transact business in this state.

---

[1] Doc. No. 8.

[2] *Id.*

Provided, however, that Plaintiff is placed on notice that unless it acts within a reasonable period of time, a motion of dismissal for failure to prosecute[3] will be entertained.

IT IS SO ORDERED this 25th day of July, 2006.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] See *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)(holding that federal courts have the inherent power to dismiss an action *sua sponte* for failure to prosecute).